Filed 1/10/24  Yoder v. Superior Court CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| WYATT ALLEN YODER, | C099768 |
| Petitioner, | (Super. Ct. No. CR0002167) |
| v. | |
| THE SUPERIOR COURT OF NEVADA COUNTY, | |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

This petition for writ of mandate by Wyatt Allen Yoder challenges an August 11, 2023, decision by respondent Nevada County Superior Court denying bail.  Petitioner claims respondent court erred in denying him bail because he does not fall within any of the exceptions to the general right to bail set forth in article I, section 12 of the California Constitution (section 12).  We agree.

FACTUAL BACKGROUND

On August 8, 2023, petitioner was charged by amended complaint with: (1) transporting, importing, selling, furnishing, administering, gifting, or attempting to import and transport a controlled substance in violation of Health & Safety Code section 11352, subdivision (a); (2) possessing a concealed firearm in a vehicle in violation of Penal Code section 25400, subdivision (a)(1); (3) being a felon in possession of a firearm in violation of Penal Code section 29800, subdivision (a)(1); (4) possessing for sale a controlled substance in violation of Health & Safety Code section 11378; (5) selling, offering to sell and/or transporting a controlled substance in violation of Health & Safety Code section 11379, subdivision (a); and (6) possessing for sale a controlled substance in violation of Health & Safety Code section 11351. On August 11, 2023, at a bail review hearing, respondent court denied petitioner's request for pretrial release and ordered that his bail remain set at no bail.

On November 9, 2023, this court advised the parties that it was considering treating the petition for writ of habeas corpus filed in this court as a petition for writ of mandate and requested real party in interest, the People, serve and file an informal written response to the petition. The Attorney General filed an informal response on behalf of real party in interest on December 7, 2023, informing the court that the People do not defend the superior court's order. We subsequently directed the petition be treated as a petition for writ of mandate and advised the parties that we were considering issuing a peremptory writ of mandate in the first instance and provided additional time to file any further opposition. (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171.)

DISCUSSION

Petitioner claims he is entitled to bail based on section 12. Section 12 provides in relevant part: "A person shall be released on bail by sufficient sureties, except for: [¶] (a) Capital crimes when the facts are evident or the presumption great; [¶] (b) Felony offenses involving acts of violence on another person, or felony sexual assault offenses

2

on another person, when the facts are evident or the presumption great and the court finds based upon clear and convincing evidence that there is a substantial likelihood the person's release would result in great bodily harm to others; or [¶] (c) Felony offenses when the facts are evident or the presumption great and the court finds based on clear and convincing evidence that the person has threatened another with great bodily harm and that there is a substantial likelihood that the person would carry out the threat if released."

Petitioner does not fall within any of the exceptions set forth in section 12. Accordingly, we find he is entitled to bail consistent with the reasoning of the court in *In re Kowalczyk* (2022) 85 Cal.App.5th 667, review granted March 15, 2023, S277910, which holds that persons who do not fall within any of the exceptions set forth in section 12 are entitled to bail. (*Kowalczyk*, at pp. 684-685.)

DISPOSITION

Having complied with the procedural requirements for issuance of a peremptory writ in the first instance, we are authorized to issue a peremptory writ forthwith and without oral argument.  (See *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1243-1244; *Palma v. U.S. Industrial Fasteners, Inc., supra*, 36 Cal.3d at p. 178.)  Let a peremptory writ of mandate issue directing Nevada County Superior Court to: (1) vacate its August 11, 2023, ruling denying petitioner bail; and (2) hold a new bail hearing consistent with the procedures described in *In re Humphrey* (2021) 11 Cal.5th 135, which sets forth the relevant factors the court must consider in determining bail.  (*Id.* at pp. 152-156.)  This opinion shall become final immediately upon filing.  (Cal. Rules of Court, rule 8.490(b)(2)(A).)


                                                    /s/
                                            EARL, P.J.



We concur:



        /s/
MAURO, J.



        /s/
DUARTE, J.


4